**Thomas E. Willoughby (TW 4452)**
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiffs*

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
Caribbean Retail Ventures, Inc.,

                                   Plaintiff,

        - against -

M/V "ZIM HAIFA", her engines, boilers, etc., *in rem*;
Zim Integrated Shipping Services Ltd., Koron Maritime Inc.,
Belco Resources, Inc., Sinochem Jiangsu Corporation,
Nanjing Huabin Foreign Trade & Economics Co., Ltd.,
Huabang International, Inc., Sinotrans Ningbo International
Forwarding Agency Co., Ltd., John Doe 1-10, *in personam*,

                                   Defendants.
-----------------------------------------------------------------------X

**07 CIV    6873**

Index No.:

**COMPLAINT**



        The plaintiff herein, by its attorneys, HILL RIVKINS & HAYDEN LLP, complaining of

the above named vessel and defendants, alleges upon information and belief:

### JURISDICTION AND THE PARTIES

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. 1331(a).

2.    At and during all times hereinafter mentioned, plaintiff, Caribbean Retail Ventures, Inc., was and now is a corporation or other legal entity organized and existing under the laws of Puerto Rico with a principal office and place of business at Gautier Benitez, #14, Caguas, Puerto Rico, and has interest in connection with a certain bill of lading as stated in Schedule A hereto annexed and by this reference made a part hereof.

3.    At and during all times hereinafter mentioned, all the defendants with the exception of Belco Resources, Inc. and Sinochem Jiangsu Corporation (hereinafter "Carrier Defendants") were and now are corporations or other business entities with offices and places of business stated below, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled defendant M/V ZIM HAIFA which now is or will be within the jurisdiction of this Court during the pendency of this action.

4.    At and during all times hereinafter mentioned, defendants, Belco Resources, Inc. and Sinochem Jiangsu Corporation (hereinafter "CalHype" Defendants"), were and now are corporations or other business and were and now are sister and/or related companies entities with offices and places of business stated in Schedule A and were, respectively, the buyer/receiver and seller/shipper of a cargo of 444 drums of calcium hypochlorite which exploded and set the M/V ZIM HAIFA and plaintiff's cargoes ablaze during the course of the pertinent voyage.

5.    Upon information and belief, defendant Zim Integrated Shipping Services Ltd.,

2

was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel.  Zim Integrated Shipping Services Ltd. at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

6.      Upon information and belief, defendant Koron Maritime Inc., was and still is a corporation organized and existing under the laws of the State of New York, with an office and place of business located in care of Zim American Integrated Shipping Services Company Inc., 1110 South Avenue, Staten Island, New York 10314 and at all times hereinafter mentioned owned and operated the M/V "ZIM HAIFA".

7.      Upon information and belief, defendant Belco Resources, Inc., was and still is a foreign corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804.  Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

8.      Upon information and belief, defendant Sinochem Jiangsu Corporation, was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 28F Shangmao Century Plaza, 49 Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China.  Sinochem Jiangsu Corporation, at all times hereinafter mentioned, was engaged in the business of importing and

3

exporting pharmaceutical and chemical products.

9.      Upon information and belief, defendant Nanjing Huabin Foreign Trade & Economics Co., Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China.  It has also another address at 87F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R China.  Defendant Nanjing Huabin Foreign Trade & Economics Co., Ltd., at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

10.      Upon information and belief, defendant Huabang International, Inc., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China.   Defendant Huabang International, Inc., at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.

11.      Upon information and belief, defendant Sinotrans Ningbo International Forwarding Agency Co., Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejian Province, P.R. China. Defendant, Sinotrans Ningbo International Forwarding Agency Co., Ltd., , at all times

4

hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

**AS AND FOR A
FIRST CAUSE OF ACTION
AGAINST THE CARRIER DEFENDANTS
ASSERTED BY PLAINTIFF**

12.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 as if set forth herein at length.

13.     On or about the dates and at the ports of shipment stated in Schedule A, there were delivered to the M/V ZIM HAIFA and Carrier Defendants in good order and condition the shipments described in Schedule A, which the M/V ZIM HAIFA and Carrier Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

14.     By reason of the premises, the M/V ZIM HAIFA was unseaworthy and Carrier Defendants breached, failed and violated their duties to the plaintiff as common carriers by water for hire and/or bailees and caused additional aggravated damages above and beyond the invoice value of the cargo, as set forth above and were negligent and otherwise at fault.

15.     Plaintiff was the shipper, consignee, owner, cargo insurer or the authorized representative in connection with the shipment as described in Schedule A and brings this action on its own behalf and, as agent and trustee, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear

and plaintiff is entitled to maintain this action.

16.     Plaintiff has duly performed all duties and obligations on its part to be performed.

17.     By reason of the premises, plaintiff has sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $40,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE CALHYPE DEFENDANTS
### ASSERTED BY PLAINTIFF
### Strict Liability

18.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 as if set forth herein at length.

19.     The CalHype Defendants were the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo delivered by the CalHype Defendants and/or their agents to the M/V ZIM HAIFA or other Carrier Defendants who loaded and stowed it aboard the vessel on the subject voyage.

20.     The CalHype Defendants were obligated to adequately warn and/or inform plaintiff and the Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

21.     The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

22.     In failing to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

23.     As a result of the CalHype Defendants' failure to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiffs' cargo on or about June 3, 2007, and further causing the plaintiff to suffer damage in the nature of possible general average liens and payments related thereto.

24.     Plaintiff was the shipper, consignee, owner, cargo insurer or the authorized representative in connection with the shipment as described in schedule A and brings this action on its own behalf and, as agent and trustee, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear

7

and plaintiff is entitled to maintain this action.

25.    Plaintiff has duly performed all duties and obligations on its part to be performed.

26.    By reason of the premises, plaintiff has sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $40,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE CALHYPE DEFENDANTS
### *Failure To Warn*

27.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if set forth herein at length.

28.    The CalHype Defendants as the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo were aware, or should have been aware, of the inherently dangerous nature of the calcium hypochlorite cargo prior to delivery to the Carrier Defendants and the M/V ZIM HAIFA.

29.    The CalHype Defendants were obligated to adequately warn and/or inform plaintiff and Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

8

30.     The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

31.     In failing to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

32.     As a result of the CalHype Defendants' failure to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiffs' cargo on or about June 3, 2007, and further causing the plaintiff to suffer damage in the nature of general average liens and payments related thereto.

33.     Plaintiff was the shipper, consignee, owner, cargo insurer or the authorized representative in connection with the shipment as described in schedule A and brings this action on its own behalf and, as agent and trustee, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiff is entitled to maintain this action.

9

34.     Plaintiff has duly performed all duties and obligations on its part to be performed.

35.     By reason of the premises, plaintiff has sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $40,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE CALHYPE DEFENDANTS
### Negligence

36.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as if set forth herein at length.

37.     The CalHype Defendants as the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform plaintiff and the Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo and properly package, brace and stow the cargo prior to carriage.

38.     The CalHype Defendants were obligated to adequately warn and/or inform plaintiff and Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

39.    The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

40.    In failing to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

41.    As a result of the CalHype Defendants' failure to warn and/or inform plaintiff and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, braced and stowed and their own negligence the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiff's cargo on or about June 3, 2007, and further causing the plaintiff to suffer damage in the nature of general average liens and payments related thereto.

42.    Plaintiff was the shipper, consignee, owner, cargo insurer or the authorized representative in connection with the shipment as described in schedule A and brings this action on its own behalf and, as agent and trustee, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiff is entitled to maintain this action.

11

43.     Plaintiff has duly performed all duties and obligations on its part to be performed.

44.     By reason of the premises, plaintiff has sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $40,000.00.

**W H E R E F O R E,**  plaintiff prays:

1.     That process in due form of law according to the practice of this Court may issue against Defendants.

2.     That if Defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this Complaint, with interest and costs.

3.     That a decree be entered in favor of plaintiff and against the M/V ZIM HAIFA and the Carrier Defendants as the first cause of action in the amount of plaintiff's damages, together with interest and costs.

4.     That a decree be entered in favor of plaintiff against Belco Resources, Inc. and Sinochem Jiangsu Corporation, on the second, third and fourth causes of action in the amount of plaintiff's damages, together with interest and costs.

5.     That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

6.     Plaintiff further prays for such other, further and different relief as to this Court

may seem just and proper in the premises.

Dated: New York, New York
       July 31, 2007

HILL RIVKINS & HAYDEN LLP
**Attorneys for Plaintiffs**

By:   _____
      Thomas E. Willoughby (TW 4452)

      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600

29572\Complaint

13

## SCHEDULE A

**Plaintiff:**   Caribbean Retail Ventures, Inc.
Gautier Benitez, #14
Caguas, Puerto Rico


**Defendants:**   Zim Integrated Shipping Services Ltd.
9 Andrei Sakharov Street
Matam
P.O.B. 1723
Haifa, 31016, Israel

Koron Maritime Inc.
c/o Zim American Integrated Shipping Services Company Inc.
1110 South Avenue
Staten Island, New York 10314

Belco Resources, Inc.
146 Roundabout Ct.
P.O. Box 8164
Rocky Mount, North Carolina 27804

Sinochem Jiangsu Corporation
28F Shangmao Century Plaza
49 Zhongshan South Road
Nanjing 210005, Jiangsu Province
Peoples Republic of China

Nanjing Huabin Foreign Trade & Economics Co., Ltd.
5-6F, 51W Hankou Road
Nanjing 210024, Jiangsu Province
Peoples Republic of China

Huabang International, Inc.
Room B-33, 8F Centre Commercial Building
54 Dashani Street, Ningbo, Zhejian Province
Peoples Republic of China

Sinotrans Ningbo International Forwarding Agency Co., Ltd.
5th Floor Sinotrans Mansion
69 Jie Fang South Road

**14**

Ningbo, Zhejian Province
Peoples Republic of China

M/V ZIM HAIFA
HILL RIVKINS
CARGO INTERESTS-SKED A

| HR&H No. | Folio No. | B/L Issuer | Zim B/L No. | Container No. | Loadport | Disport | Shipper | Consignee | Cargo Description | Claim Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 29572-1 | | Zim | ZIMUNEB731060 | TRIU-0765558-8 | Ningbo | San Juan | Broadway Trading Company | Caribbean Retail Ventures, Inc. | 200 cartons home accessories | $40,000.00 |