*Thomas E. Willoughby*
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiffs*

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Caribbean Retail Ventures, Inc., Electrolux Major Appliances,
N.A., Electrolux Home Products, Handal Et Fils, Hiagro
Trading Establishment and J. PICA, Cia, Inc., P.T. Kaybee
Jakarta, Par Intercontinental (HK) Ltd., Euromoda
International Corp. and Plasticos Hercules, C.A.,

                     Plaintiffs,

        - against -

M/V "ZIM HAIFA", her engines, boilers, etc., *in rem*;
Zim Integrated Shipping Services Ltd., Koron Maritime Inc.,
Belco Resources, Inc., Sinochem Jiangsu Corporation,
Nanjing Huabin Foreign Trade & Economics Co., Ltd.,
Huabang International, Inc., Sinotrans Ningbo International
Forwarding Agency Co., Ltd., Seth Shipping(s) Ltd.,
John Doe 1-10, *in personam*,

                     Defendants.
------------------------------------------------------------------X

Index No.:
07 CIV 6873

*AMENDED*
*COMPLAINT*

      The plaintiffs herein, by their attorneys, HILL RIVKINS & HAYDEN LLP, complaining

of the above named vessel and defendants, allege upon information and belief:

                      ***JURISDICTION AND THE PARTIES***

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. 1331(a).

2. At and during all times hereinafter mentioned, plaintiffs, Caribbean Retail Ventures, Inc., *et al.* were and now are corporations or other legal entities organized and existing under the laws of one of the States of the United States or a foreign country, and have interests in connection with certain bills of lading as stated in Schedule A hereto annexed and by this reference made a part hereof.

3. At and during all times hereinafter mentioned, all the defendants with the exception of Belco Resources, Inc. and Sinochem Jiangsu Corporation (hereinafter "Carrier Defendants") were and now are corporations or other business entities with offices and places of business stated below, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled defendant M/V ZIM HAIFA which now is or will be within the jurisdiction of this Court during the pendency of this action.

4. At and during all times hereinafter mentioned, defendants, Belco Resources, Inc. and Sinochem Jiangsu Corporation (hereinafter "CalHype" Defendants"), were and now are corporations or other business and were and now are sister and/or related companies entities with offices and places of business stated in Schedule A and were, respectively, the buyer/receiver and seller/shipper of a cargo of 444 drums of calcium hypochlorite which exploded and set the M/V ZIM HAIFA and plaintiffs' cargoes ablaze during the course of the pertinent voyage.

5. Upon information and belief, defendant Zim Integrated Shipping Services Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel. Zim Integrated Shipping Services Ltd. at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

6. Upon information and belief, defendant Koron Maritime Inc., was and still is a corporation organized and existing under the laws of the State of New York, with an office and place of business located in care of Zim American Integrated Shipping Services Company Inc., 1110 South Avenue, Staten Island, New York 10314 and at all times hereinafter mentioned owned and operated the M/V "ZIM HAIFA".

7. Upon information and belief, defendant Belco Resources, Inc., was and still is a foreign corporation organized and existing under and by virtue of the laws of North Carolina with an office and principal place of business located at 146 Roundabout Ct., P.O. Box 8164, Rocky Mount, NC 27804. Belco, at all times hereinafter mentioned, was engaged in the business of supplying fertilizers, industrial chemicals, and farm equipment.

8. Upon information and belief, defendant Sinochem Jiangsu Corporation, was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 28F Shangmao Century Plaza, 49

Zhongshan South Road, Nanjing 210005, Jiangsu Province, P.R. China. Sinochem Jiangsu Corporation, at all times hereinafter mentioned, was engaged in the business of importing and exporting pharmaceutical and chemical products.

9. Upon information and belief, defendant Nanjing Huabin Foreign Trade & Economics Co., Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at 5-6F, 51W Hankou Road, Nanjing 210024, Jiangsu Province, P.R. China. It has also another address at 87F Ruihua Building, 315 South Zhongshan Road, Nanjing 210001, Jiangsu Province, P.R China. Defendant Nanjing Huabin Foreign Trade & Economics Co., Ltd., at all times hereinafter mentioned, is engaged in the business of handling and shipping goods.

10. Upon information and belief, defendant Huabang International, Inc., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at Room B-33, 8F Centre Commercial Building, 54 Dashani Street, Ningbo, Zhejiang Province, P.R. China. Defendant Huabang International, Inc., at all times hereinafter mentioned, is engaged in the business of booking cargo and freight forwarding.

11. Upon information and belief, defendant Sinotrans Ningbo International Forwarding Agency Co., Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of P.R. China with an office and principal place of business located at

5th Floor Sinotrans Mansion, 69 Jie Fang South Road, Ningbo, Zhejian Province, P.R. China. Defendant, Sinotrans Ningbo International Forwarding Agency Co., Ltd., at all times hereinafter mentioned, is engaged in the business of freight forwarding at Ningbo Port.

12. Upon information and belief, defendant, Seth Shipping(s) Ltd., was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Israel, with an office and principal place of business in care of Zim Integrated Shipping Services Ltd., located at 9 Andrei Sakharov Street, Matam P.O.B. 1723, Haifa, 31016 Israel. Seth Shipping(s) Ltd. at all times hereinafter mentioned, was engaged in the business of ocean transportation services.

*AS AND FOR A*
*FIRST CAUSE OF ACTION*
*AGAINST THE CARRIER DEFENDANTS*
*ASSERTED BY PLAINTIFFS*

13. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 12 as if set forth herein at length.

14. On or about the dates and at the ports of shipment stated in Schedule A, there were delivered to the M/V ZIM HAIFA and Carrier Defendants in good order and condition the shipments described in Schedule A, which the M/V ZIM HAIFA and Carrier Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

15. By reason of the premises, the M/V ZIM HAIFA was unseaworthy and Carrier Defendants breached, failed and violated their duties to the plaintiffs as common carriers by water for hire and/or bailees and caused additional aggravated damages above and beyond the invoice value of the cargo, as set forth above and were negligent and otherwise at fault.

16. Plaintiffs were the shippers, consignees, owners, cargo insurers or the authorized representatives in connection with the shipment as described in Schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

17. Plaintiffs have duly performed all duties and obligations on their part to be performed.

18. By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $300,000.00.

*AS AND FOR A SECOND CAUSE OF ACTION*
*AGAINST THE CALHYPE DEFENDANTS*
*ASSERTED BY PLAINTIFFS*
<u>Strict Liability</u>

19. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 18

as if set forth herein at length.

20. The CalHype Defendants were the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo delivered by the CalHype Defendants and/or their agents to the M/V ZIM HAIFA or other Carrier Defendants who loaded and stowed it aboard the vessel on the subject voyage.

21. The CalHype Defendants were obligated to adequately warn and/or inform plaintiffs and the Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

22. The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

23. In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

24. As a result of the CalHype Defendants' failure to warn and/or inform plaintiffs

and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiffss' cargo on or about June 3, 2007, and further causing the plaintiffs to suffer damage in the nature of possible general average liens and payments related thereto.

25. Plaintiffs were the shippers, consignees, owners, cargo insurers or the authorized representatives in connection with the shipment as described in schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

26. Plaintiffs have duly performed all duties and obligations on their part to be performed.

27. By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $300,000.00.

*AS AND FOR A THIRD CAUSE OF ACTION*
*AGAINST THE CALHYPE DEFENDANTS*
*<u>Failure To Warn</u>*

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27

as if set forth herein at length.

29. The CalHype Defendants as the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo were aware, or should have been aware, of the inherently dangerous nature of the calcium hypochlorite cargo prior to delivery to the Carrier Defendants and the M/V ZIM HAIFA.

30. The CalHype Defendants were obligated to adequately warn and/or inform plaintiffs and Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

31. The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

32. In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

33. As a result of the CalHype Defendants' failure to warn and/or inform plaintiffs

9

and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiffss' cargo on or about June 3, 2007, and further causing the plaintiffs to suffer damage in the nature of general average liens and payments related thereto.

34. Plaintiffs were the shippers, consignees, owners, cargo insurers or the authorized representatives in connection with the shipment as described in schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

35. Plaintiffs have duly performed all duties and obligations on their part to be performed.

36. By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $300,000.00.

### *AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE CALHYPE DEFENDANTS*
### Negligence

37. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36

as if set forth herein at length.

38.   The CalHype Defendants as the owners, manufacturers, shippers, consignees, receivers, and/or buyers of calcium hypochlorite cargo were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform plaintiffs and the Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo and properly package, brace and stow the cargo prior to carriage.

39.   The CalHype Defendants were obligated to adequately warn and/or inform plaintiffs and Carrier Defendants as to the inherently dangerous nature of the calcium hypochlorite cargo.

40.   The CalHype Defendants placed this cargo of calcium hypochlorite into the stream of commerce without providing any warning of its inherently dangerous nature and in fact misrepresented the cargo as calcium chloride.

41.   In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the CalHype Defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

42. As a result of the CalHype Defendants' failure to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, braced and stowed and their own negligence the calcium hypochlorite did generate flammable gas resulting in an explosion, fire and damage to the ZIM HAIFA and plaintiffs' cargo on or about June 3, 2007, and further causing the plaintiffs to suffer damage in the nature of general average liens and payments related thereto.

43. Plaintiffs were the shippers, consignees, owners, cargo insurers or the authorized representatives in connection with the shipment as described in schedule A and bring this action on its own behalf and, as agent and trustee, on behalf of and for all interests of parties who may be or become interested in the said shipment as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

44. Plaintiffs have duly performed all duties and obligations on their part to be performed.

45. By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $300,000.00.

*WHEREFORE*, plaintiffs pray:

1. That process in due form of law according to the practice of this Court may issue

against Defendants.

2. That if Defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree be entered in favor of plaintiffs and against the M/V ZIM HAIFA and the Carrier Defendants as the first cause of action in the amount of plaintiffs' damages, together with interest and costs.

4. That a decree be entered in favor of plaintiffs against Belco Resources, Inc. and Sinochem Jiangsu Corporation, on the second, third and fourth causes of action in the amount of plaintiffs' damages, together with interest and costs.

5. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

6. Plaintiffs further pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
       June 27, 2008

>                    HILL RIVKINS & HAYDEN LLP
>                    Attorneys for Plaintiffs
>
>             By:    _____
>                    Thomas E. Willoughby
>
>                    45 Broadway, Suite 1500
>                    New York, New York 10006
>                    (212) 669-0600

29572\Second Amended Complaint

## **SCHEDULE A**

**Plaintiffs:**  Caribbean Retail Ventures, Inc.
Gautier Benitez, #14
Caguas, Puerto Rico

Electrolux Major Appliances N.A.
300 Hunter Lane
Middletown, Pennsylvania 17057

Electrolux Home Products
300 Hunter Lane
Middletown, Pennsylvania 17057

Handal Et Fils
199 Rue de Magasin
Port-au-Prince, Haiti

Hiagro Trading Establishment
Calle 13, #4408
Havana, Cuba

J. PICA and Cia, Inc.
410 Calle A, Suite 2, Urb. Ind. Mario
Julia, San Juan, Puerto Rico 00920

P.T. Kaybee Jakarta
Kaybee Building
Jl. Sunter Agung Utara Raya Blok D1/6
Kel/Keg.: Sunter Agung
Jakarta 14350, Indonesia

Par Intercontinental (HK) Ltd.
Unit 802, 8/F Housotn Centre
63 Mody Road, T.S.T. East,
Kowloon, Hong Kong

Euromoda International Corp.
Apartado 0302-00147
Zona Libre de Colon
Colon, Panama

                Plasticos Hercules, C.A.
                Calle Principal del Marquez, Zona Industrial
                El Marquez No. 1, Galpon No. 7
                Guatiire, Edo Miranda, Guatire, Venezuela

**Defendants:**  Zim Integrated Shipping Services Ltd.
                9 Andrei Sakharov Street
                Matam
                P.O.B. 1723
                Haifa, 31016, Israel

                Koron Maritime Inc.
                c/o Zim American Integrated Shipping Services Company Inc.
                1110 South Avenue
                Staten Island, New York 10314

                Belco Resources, Inc.
                146 Roundabout Ct.
                P.O. Box 8164
                Rocky Mount, North Carolina 27804

                Sinochem Jiangsu Corporation
                28F Shangmao Century Plaza
                49 Zhongshan South Road
                Nanjing 210005, Jiangsu Province
                Peoples Republic of China

                Nanjing Huabin Foreign Trade & Economics Co., Ltd.
                5-6F, 51W Hankou Road
                Nanjing 210024, Jiangsu Province
                Peoples Republic of China

                Huabang International, Inc.
                Room B-33, 8F Centre Commercial Building
                54 Dashani Street, Ningbo, Zhejian Province
                Peoples Republic of China

                Sinotrans Ningbo International Forwarding Agency Co., Ltd.
                5th Floor Sinotrans Mansion
                69 Jie Fang South Road
                Ningbo, Zhejian Province
                Peoples Republic of China

Seth Shipping(s) Ltd.
c/o Zim American Integrated Shipping Services Company Inc.
1110 South Avenue
Staten Island, New York 10314

M/V ZIM HAIFA
HILL RIVKINS
CARGO INTERESTS-SCHEDULE A

| HR&H No. | B/L Issuer | Zim B/L No. | Container No. | Loadport | Disport | Shipper | Consignee | Cargo Description | Claim Amount |
|---|---|---|---|---|---|---|---|---|---|
| 29572-1 | Zim | ZIMUNEB731060 | TRIU676556-6 | Ningbo | San Juan | Broadway Trading Company | Caribbean Retail Ventures, Inc. | 200 cartons home accessories | $40,000.00 |
| 29572-1A | Zim | ZIMUBJO106358 | FSCU6073298 | Hong Kong | New York | GD MD Air-Cond. Eqpmt. | Electrolux Home Products | Air Conditioners | $106,053.06 |
| " | " | " | GVCU5018524 | " | " | " | " | " | |
| " | " | " | ZCSU8446663 | " | " | " | " | " | |
| " | " | ZIMUBJO106359 | ZCSU8156160 | Hong Kong | New York | GD MD Air-Cond. Eqpmt. | Electrolux Home Products | Air Conditioners | |
| " | " | " | ZCSU8173208 | " | " | " | " | " | |
| " | " | " | ZCSU8263620 | | | | | | |
| " | " | " | ZCSU8342930 | | | | | | |
| " | " | " | ZCSU8440388 | | | | | | |
| " | " | " | ZCSU8499561 | | | | | | |
| " | " | ZIMUZHU107080 | ZCSU8037290 | Hong Kong | New York | Gree Electric Appliances | Electrolux Major Appliances | Air Conditioners | |
| " | " | " | ZCSU8707303 | | | | | | |
| " | " | " | ZCSU8707113 | | | | | | |
| " | " | " | ZCSU8707643 | | | | | | |
| " | " | " | ZCSU8510530 | | | | | | |
| 29572-2 | Zim | ZIMUZHU107078 | ZCSU8474412 | Zhuhai | New York | Gree Electric Appliances | Electrolux Major Appliances | Air Conditioners | $92,764.20 |
| 29572-3 | Zim | ZIMUNGB778818 | ZCSU2508388 | Ningbo | Port au Pr | Taxtran Ltd | Handal & Fils | Household Products | $33,539.66 |
| " | " | ZIMUNGB895194 | TRIU5580060 | Ningbo | Havana | Ningbo ETDZ Holdings | Hiagro Trading Establishment | 1383 ctns shoes | |
| 29572-4 | Zim | ZIMUNGB995198 | ZCSU2589097 | Shekou | San Juan | Gibson Overseas Inc. | J PICA AND CIA, INC. | 500 ctns boots | |
| 29572-5 | Zim | ZIMUSKU8038617 | | Ningbo | LaGuaira | Hi-Mas Industrial Co. Ltd | Plasticos Hercules, C.A | 72 Pallet Metal Cookware | $15,490.62 |
| 29572-6 | Zim/Seth | ZIMUNGB686147 | | Ningbo | LaGuaira | Carehart Ltd. | Plasticos Hercules, C.A | Plastic Injector | $431,882.10 |
| 29572-6A | Zim | Seth SSPHSEM17874 ZCSU8307903 | | Semarang, In | Veracruz, | PT Kaybee Jakarta | Industrias Cobitel | 840 Cartons Synthetic Yarn | $359,490.40 |
| 29572-7 | Zim | ZIMUNGB670794 | ZCSU8277244 | Ningbo | Belize City | Par Intercontinental (HK) Ltd | To Order | 983 ctns Sunglasses | $50,450.40 |
| " | " | ZIMUSKU8039025 | ZCSU2510180 | Shekou | Havana | Shenze T-Star Import & Exp | Artex S.A. | 1,568 ctns Musical Electronic E | $40,574.17 |
| | | ZIMUSKU8042677 | | | | | | | $138,002.31 |